# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

Lyle W. Cayce
Clerk

No. 08-41176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE DARRELL MASK,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-72-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lawrence Darrell Mask, federal prisoner # 08536-078, appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the amendment of the crack cocaine Guidelines. Mask argues that the district court's denial of his motion to reduce his sentence was contrary to *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338, 364 (2007), *Gall v. United States*, 552 U.S. 38, 51 (2007), *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), and *Spears v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41176

*States*, 129 S. Ct. 840 (2009).  He argues that 28 U.S.C. § 994 does not require courts to impose the statutory maximum sentence.  Mask contends that the district court should have recalculated his advisory guidelines range in accord with *Booker* and without the two-level firearm enhancement; that the district court was free to disagree with the crack cocaine guidelines provision; and that the district court erred in not considering his postsentence rehabilitation.

Contrary to Mask's argument, this court's precedent forecloses his assertion that the career offender Guideline does not preclude a reduction of his sentence.  *See United States v. Anderson*, 591 F.3d 789, 790 & n.4, 791 & n.8 (5th Cir. 2009).  His arguments based on *Booker* and its progeny are foreclosed by *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010), and *United States v. Doublin*, 572 F.3d 235, 236-29 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  Further, *Spears* is distinguishable because it did not involve a § 3582(c)(2) motion.  *See Spears*, 129 S. Ct. at 841-45.

Mask's argument that the district court should have resentenced him without the two-level firearm enhancement is incorrect. A motion under § 3582(c)(2) "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).  Therefore, this claim is not cognizable in a § 3582 motion.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.   The Government's alternative motion for an extension of time in which to file a brief is DENIED.